**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:11-CR-155 |
| | )    (2:13-CV-271) |
| | ) |
| LATOYA TRAVIS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the "Motion for Relief Pursuant to Title 28 U.S.C. § 2255(f)(3)(f)(4)," filed by defendant, Latoya Travis, on August 5, 2013. (DE #53.) For the reasons set forth below, the motion is **DISMISSED for lack of jurisdiction**. The Clerk is **ORDERED** to **DISMISS** the civil case. Further, this Court declines to issue a certificate of appealability.


BACKGROUND

On January 20, 2011, this Court sentenced Defendant, LaToya Travis ("Travis"), to a 42 month term of imprisonment in cause number 2:08-CR-156. At the sentencing hearing, the Court allowed her to temporarily remain on bond but ordered that she report to the Bureau of Prisons on February 22, 2011. Travis failed to do so, which led to an indictment in the instant criminal cause

number.

Travis entered into a written plea agreement with the government on April 26, 2012, wherein she waived her right to challenge her conviction or sentence on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to the waiver or its negotiation.[1]  In exchange, the Government agreed to make a non-binding recommendation to the Court that Travis receive a reduction for acceptance of responsibility and that she receive a sentence at the mid-level of the applicable Sentencing Guidelines range.  The plea agreement was signed by Travis, her attorney, Visvaldis Kupsis, and the attorney for the Government, Gary Bell.

A change of plea hearing was held before Magistrate Judge Andrew P. Rodovich on May 14, 2012; the hearing was digitally recorded, and Judge Rodovich subsequently submitted findings and recommendations to this Court.  On May 31, 2012, pursuant to Travis' plea and the findings and recommendations of Judge Rodovich, this Court adjudged Travis guilty of one count of Failure to Surrender for Service of Sentence in violation of Title 18 U.S.C. section 3146(a)(2). On August 2, 2012, Travis was sentenced to a fifteen (15) month prison term, to run consecutive to the term of imprisonment imposed in cause number 2:08-CR-156, plus a one (1) year term of supervised release, to run concurrently to the period

---

[1] The written plea agreement is found at DE #8.

of supervision ordered in 2:08-CR-156. This sentence was within the Sentencing Guidelines range of twelve (12) to eighteen (18) months.

On September 20, 2012, Travis filed a section 2255 motion with the Court, claiming that she was entitled to a reduction in her sentence because: (1) she was confined in harsh pretrial conditions; (2) she lived in substandard conditions while awaiting sentencing; (3) she did not see her psychiatrist; and (4) she was subjected to degrading conditions while being improperly placed on suicide watch. That motion was denied, and this Court declined to issue a certificate of appealibility. (DE #39.) Defendant Travis subsequently filed a Notice of Appeal (DE #41), and her appeal is currently pending before the Seventh Circuit Court of Appeals in cause number 13-1690. (See DE #43.) Travis filed the instant "Motion for Relief Pursuant to Title 28 U.S.C. § 2255(f)(3)(f)(4)" on August 5, 2013. (DE #53.) In it she argues that she received a two (2) point "enhancement," which increased her sentencing range in violation of the law because such "enhancement" was not "submitted to the jury and forund [sic] beyond a reasonable doubt." (*Id*. at 1-2.) Travis claims that her sentence "should have, and would have been much lower than 15 months." (*Id*. at 2).

DISCUSSION

Following a direct appeal, a defendant generally has one

3

opportunity to challenge her conviction and sentence. *Suggs v. United States*, 705 F.3d 279, 281-82 (7th Cir. 2013); 28 U.S.C. § 2255(a), (h). Should a defendant wish to file a second or successive section 2255 motion challenging that same conviction or sentence, she must first gain authorization to do so from the court of appeals; otherwise, the district court does not have jurisdiction to consider the motion. *Suggs*, 705 F.3d at 282; 28 U.S.C. §§ 2244(a)-(b), 2255(h). In general, only those successive motions which challenge the underlying conviction and present newly discovered evidence of defendant's innocence or rely on a new retroactive constitutional law will be certified by the court of appeals for district court review. *Suggs*, 705 F.3d at 282-83; 28 U.S.C. § 2255(h). "No matter how powerful a petitioner's showing, only [the Seventh Circuit] may authorize the commencement of a second or successive petition." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). As the *Nunez* Court explained:

> From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. . . . A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

*Nunez*, 96 F.3d at 991.

Because Travis has already filed a section 2255 motion with

4

this Court, her current section 2255 motion is considered a second or successive collateral attack on her conviction or sentence. She has not obtained (or even sought as far as this Court is aware) permission from the Seventh Circuit Court of Appeals to file this successive section 2255 motion, and, therefore, it must be dismissed. The fact that Travis' appeal is still pending does not change this analysis. See *Phillips v. United States*, 668 F.3d 433, 435 ("Nothing in the language of § 2244 or § 2255 suggests that the time-and-number limits are irrelevant as long as a prisoner keeps his initial request alive through motions, appeals, and petitions."). Therefore, Travis' motion is **DISMISSED** for lack of jurisdiction.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." *Slack v. McDaniel*, 529 U.S. 473, 484 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, the Court concludes that Travis' motion is successive and has not been certified by the Seventh Circuit Court of Appeals. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

**DATED: August 30, 2013**              **/s/RUDY LOZANO, Judge**
                                         **United States District Court**